# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TREIBACHER INDUSTRIE, A.G.,**] | |
| ] | |
| **Plaintiff(s),** ] | |
| ] | |
| VS. ] | **CIVIL NO. 01-VEH-2872-NE** |
| ] | |
| **TDY INDUSTRIES, INC., et al.,** ] | |
| ] | |
| **Defendant(s).** ] | |

## MEMORANDUM OPINION AND ORDER

**I.     Procedural History**

This case was tried *ore tenus* on February 22, 23, and 24, 2005. During closing arguments, Plaintiff alleged, for the first time, that representations made by the Defendant during May to July, 200,1constituted "continuing fraud." Plaintiff moved under Fed.R.Civ.P.15(b) for leave to amend the pleadings to conform to the evidence at trial. After argument, the Court found that the Defendant had impliedly consented to such amendment and granted Plaintiff's Motion. The Defendant moved under 15(b) for a continuance to determine if it wished to offer additional evidence in light of such amendment. The Court granted the motion.

Now before the Court is Defendant's Motion To Reconsider Amendment of Pleadings, or In the Alternative, Motion To Reconsider Denial of Motion for

1

Judgment As a Matter of Law (doc. 74).

**II.   Analysis**

    **1.   The Relevant Testimony**

The parties agree that the testimony of John Johnson and Ulf Strumberger must be looked to to decide whether the Defendant impliedly consented to trial of the theory of "continuing fraud."[1]  That consent was implied from the <u>unobjected to</u> testimony of John Johnson that, during such time period: (1) he made a series of statements to the Plaintiff that the Defendant would use or sell the disputed material, and (2) that, if Plaintiff had sold the disputed material (mitigated its damages) during that time period, Plaintiff would have suffered <u>no damages</u>.  (Johnson testimony, transcript B, page 49 line 9 through page 50, line 12; page 41, lines 14-23; page 42, line 24 to page 43, line 5; and page 46, line 17 to page 47, line 6.)  It is also implied from the <u>unobjected to</u>[2] testimony of Ulf Strumberger, when asked, that "[h]ad [Plaintiff] known that TDY was not going to use [the] goods . . . from the May time

---

[1] As stated by Plaintiff, in footnote 1 of its brief, "[t]he term 'continuing fraud' was coined in the present action to identify that fraud which occurred during the ongoing communications relating to Deal I and Deal II.  This fraud occurred during the time frame May, 2001 through June, 2001 when Defendant made representations that it would use or sell the material in question.  The term 'continuing fraud' is not a species of fraud separate and distinct from fraud as codified at <u>Code of Alabama</u>, 1975, § 6-5-101."

[2] Defendant states that it moved to strike this question and answer.  However, it is clear from the record that Defendant moved to strike the <u>previous</u> question and answer, not the one set out here.

frame . . . up until [August, 2001], . . . would [Plaintiff] have begun mitigation." Strumberger's response was "Yeah, of course . . . ³. (Transcript B at 133-134.)

### 2. The Standard for Finding Implied Consent

The parties agree that amendments based on implied consent are governed by Rule 15(b) of the Federal Rules of Civil Procedure. Defendant cites, and Plaintiff does not contest, a long string of 11th Circuit and other controlling authority to the effect that:

> A party cannot be said to have implicitly consented to the trial of an issue not presented by the pleadings unless that party should have recognized that the issue had entered the case at trial . . . Often such consent can be inferred from the failure to object to the introduction of evidence relevant to an unpleaded issue . . . <u>The introduction of evidence arguably relevant to pleaded issues cannot serve to give a party fair notice that new issues are entereing the case.</u>

<u>Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.</u>, 833 F.2d 1484, 1487 (11th Cir. 1987) (emphasis supplied). *See also*, 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1493 (2d ed. 1987) ("[W]hen the evidence that is claimed to show that an issue was tried by consent is relevant to an issue already in the case, as well as to the one that is the subject matter of the amendment, and there was no indication at trial that the party who introduced the

---

³The balance of Mr. Strumberger's response, as transcribed by the court reporter, is unintelligible. However, the balance of the response merely gives the reasons for the response. The response itself, "Yeah, of course," is clear and unambiguous..

evidence was seeking to raise a new issue, the pleadings will not be deemed amended under the first portion of Rule 15(b)"); 3, MOORE'S FEDERAL PRACTICE § 15.18 [1] (3d ed. 2004) ("Implied consent may not be found if the opposing party did not recognize that new matters were at issue during the trial.  The pleader must demonstrate that the opposing party understood that the evidence in question was introduced to prove new issues.  This would not be shown, for example, if the new issue was merely raised inferentially by evidence that was relevant to the issues that were pleaded, and that the opposing party directly addressed only the pleaded issues at trial.  A court may not find consent when evidence supporting an issue allegedly tried by implied consent is also relevant to other issues actually pleaded and tried.") Defendant, relying on this authority, asserts that "any evidence that was *arguably* relevant to an issue in the case could not be used to support a finding that [the Defendant] impliedly consented to try a *new* issue." (Defendant's brief at p. 9, emphasis in original.)

    **3.**    **Implied Consent Cannot Be Inferred Under the Facts of this Case**

Mitigation was an issue in this case from the very beginning. (*See* Answer and Counterclaim, first affirmative defense.)  All the testimony relied upon by Plaintiff to show continuing fraud was also relevant to the issue that Plaintiff's actions were

<u>reasonable</u> in light of Plaintiff's duty to mitigate.[4]  *See* CISG, Art. 77, which states that a party who claims a breach of contract under the CISG[5] "must take such measures as are <u>reasonable in the circumstances</u> to mitigate the loss . . . resulting from the breach" (emphasis supplied).

The reasonableness of Plaintiff's conduct in delaying its steps to mitigate its damages is inextricably interwoven with the testimony now relied upon by Plaintiff in its Rule 15(b) motion.  Thus, the Court erred when it granted Plaintiff's Rule 15(b) Motion to amend to conform to the evidence at trial and specifically when it allowed the Plaintiff to add a new theory of "continuing fraud."

**II.    Ruling**

For the reasons more fully stated hereinafter, the Court finds that Defendant's Motion is due to be, and is hereby, **GRANTED**.  The Court's oral order granting Plaintiff's Rule 15(b) Motion is hereby **VACATED**.

The Defendant's Motion for Leave to File Reply Brief (Doc. 82) is **DENIED**.

---

[4] Plaintiff's duty to mitigate its damages is not disputed.

[5] As Plaintiff does in this case.

**DONE** and **ORDERED** this 27th day of April, 2005.

                                                    _/s/ V.E. Hopkins_

                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge